IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DELIKASO EZEKIEL TADESSE                                    PETITIONER

V.                                          CIVIL NO.    5:26-cv-00121-DCB-BWR

RAFAEL VERGARA                                             RESPONDENT
*Warden, Adams County Detention
Center*

<u>ORDER SETTING BRIEFING SCHEDULE</u>

This matter is before the Court *sua sponte*. Petitioner, a native and citizen of Ethiopia, filed his Petition [1] for writ of habeas corpus under 28 U.S.C. § 2241 in March 2026 challenging the length of his detention under 8 U.S.C. § 1231(a)(6) and requesting his immediate release from Immigration and Customs Enforcement's ("ICE") custody.

Petitioner entered the United States illegally in 2024. ICE Officer Decl. [10-3] at 1. On November 1, 2024, Petitioner entered ICE custody and remains detained. *Id.* at 1. On July 14, 2025, an immigration judge ordered Petitioner removed from the United States, and Petitioner waived appeal. *Id.*

Petitioner's detention is governed by 8 U.S.C. § 1231, which provides that the Attorney General shall remove the alien within a period of 90 days (referred to as the "removal period"), during which time the alien shall be detained, § 1231(a)(1)(A), (a)(2). "After that time elapses, however § 1231(a)(6) provides only that certain aliens '*may* be detained' while efforts to complete removal continue." *Jennings v. Rodriguez,* 583 U.S. 281, 298 (2018) (emphasis in original). In *Zadvydas v. Davis,* the Supreme

Court applied the doctrine of constitutional avoidance and construed § 1231(a)(6) to mean that "once removal is no longer reasonably foreseeable, continued detention is not authorized by statute." 533 U.S. 678, 699 (2001). "*Zadvydas* then concluded that six months was a presumptively reasonable period of detention, beyond the removal period, in which to effectuate deportation." *Tran v. Mukasey*, 515 F.3d 478, 482 (5th Cir. 2008) (citing *Zadvydas,* 533 U.S. at 702). "After that, the Court concluded, if the alien 'provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the Government must either rebut that showing or release the alien." *Jennings,* 583 U.S. at 299 (quoting *Zadvydas,* 533 U.S. at 701). "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02.

Petitioner's removal order became administratively final on August 13, 2025. *See* 8 U.S.C. § 1231(a)(1)(B)(i). The 90-day removal period expired on November 11, 2025. Six months following November 11, 2025 expired on May 11, 2026. Attached to Respondent's Response, filed April 20, 2026, is a declaration from an ICE Officer that provides that "[o]n or about September 18, 2025, [Enforcement and Removal Operations ("ERO")] submitted a travel document application to the Embassy of Ethiopia." ICE Officer Decl. [10-3] at 2.

The Court requires a status update from Respondent regarding its efforts to remove Petitioner and sets a briefing schedule regarding whether there is "no

significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701-02.

IT IS THEREFORE ORDERED that, within 14 days of this Order, Respondent shall file a status update:

1. Including a Declaration from an official from ERO; and

2. Specifically addressing the following: (1) the status of efforts to remove Petitioner, including Petitioner's cooperation with any such efforts; and (2) a timeline of any anticipated efforts to remove Petitioner.

IT IS FURTHER ORDERED that:

1. No later than 30 days after Respondent's status update, Petitioner shall file a memorandum brief and must show there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future;

2. No later than 14 days after Petitioner's memorandum brief, Respondent shall file a response furnishing evidence sufficient to rebut that showing; and

3. No later than 14 days after Respondent's response, Petitioner may file a reply.

SO ORDERED, this 25th day of June 2026.

*s/* *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE